IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. |
| v. | ) ) | |
| CHAMPION DRYWALL, INC. and BM GENERAL SERVICES LTD. | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Travis J. Ketterman of McGann Ketterman & Rioux, complaining of the Defendants, CHAMPION DRYWALL, INC. et al, and allege as follows:

**Count I:  Audit Refusal (CHAMPION DRYWALL, INC.)**

1.     This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act.  (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2.     The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from

numerous employers pursuant to collective bargaining agreements between employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. CHAMPION DRYWALL, INC. is an employer engaged in an industry affecting commerce that entered into a collective bargaining agreement whose terms require CHAMPION DRYWALL, INC. to pay fringe benefits to the Trust Funds.

4. The collective bargaining agreement also binds CHAMPION DRYWALL, INC. to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("trust agreements").

5. CHAMPION DRYWALL, INC. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the collective bargaining agreement and trust agreements. In addition, CHAMPION DRYWALL, INC. is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a collective bargaining agreement with the Union.

6. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, CHAMPION DRYWALL, INC. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. CHAMPION DRYWALL, INC. breached the provisions of the collective bargaining agreement by failing to allow Plaintiffs to complete an audit of CHAMPION DRYWALL, INC. 's books and records for the period January 1, 2016 through the present,

2

after repeated demands for specific records were made upon CHAMPION DRYWALL, INC.

8. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of CHAMPION DRYWALL, INC.'s books and records.

9. CHAMPION DRYWALL, INC. is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g)(2)(D).

10. According to the collective bargaining agreement, the trust agreements and/or 29 U.S.C. §1132(g), CHAMPION DRYWALL, INC. is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:
- A. That the Defendant CHAMPION DRYWALL, INC. be required to provide access to its records within ten (10) days for the period of January 1, 2016 through the present, so that the audit can be completed.
- B. That Defendant CHAMPION DRYWALL, INC. be ordered to pay all contributions shown to be due upon completion of the audit.
- C. That Defendant CHAMPION DRYWALL, INC. be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.
- D. That Defendant CHAMPION DRYWALL, INC. be ordered to pay liquidated damages and interest.
- E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

## Count II—Single Employer / Alter Ego
## (BM GENERAL SERVICES LTD.)

Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund et al., by their attorney Travis J. Ketterman of Whitfield McGann & Ketterman, complain of the Defendant BM GENERAL SERVICES LTD., as follows:

1. This action arises out of the same common nucleus of fact previously pleaded in Count I and is herewith joined under the provisions of U.S.C Title 28, Fed.R.Civil.P.18(a).

2. The Plaintiffs reallege Paragraphs 1 through 5 of Count I as Paragraphs 2 through 6 of Count II.

7. BM GENERAL SERVICES LTD. is related to CHAMPION DRYWALL, INC. and performs carpentry bargaining unit work in the same geographical area.

8. BM GENERAL SERVICES LTD. is the disguised continuance of CHAMPION DRYWALL, INC. and/or participated with CHAMPION DRYWALL, INC. in avoiding its Trust Fund obligations.

9. BM GENERAL SERVICES LTD. is the alter ego of CHAMPION DRYWALL, INC. and/or is bound to the collective bargaining agreement under a single or joint employer theory. As such, Plaintiffs are entitled to compliance from the related entities to the terms of the collective bargaining agreement and trust agreements. The facts that support the allegations include: (a) common business purpose; (b) common employees; and (c) common ownership. A review of the records of BM GENERAL SERVICES LTD. will disclose whether the other factors relevant to alter ego and single employer analysis exist.

10. BM GENERAL SERVICES LTD. breached the provisions of the collective bargaining agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by employees and/or measured by the hours worked by subcontractors during the period of January 2016 through the present.

11. Pursuant to the provisions of the trust agreements and the collective bargaining agreement, the Defendants are required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collections process.

12. Plaintiffs have complied with all conditions precedent in bringing this suit, including providing several written demand for the documents necessary for the auditors.

13. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

14. BM GENERAL SERVICES LTD. is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C.§ 1132(g)(2)(D).

15. Pursuant to 29 U.S.C. 1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

    a) double interest; or
    b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant BM GENERAL SERVICES LTD. be required to provide access to its records within ten (10) days for the period of January 1, 2016 through the present, so that the audit can be completed.

B. That Defendant BM GENERAL SERVICES LTD. be ordered to pay all contributions shown to be due upon completion of the audit.

C.  That Defendant BM GENERAL SERVICES LTD. be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

D.  That Defendant BM GENERAL SERVICES LTD. be ordered to pay liquidated damages and interest.

E.  That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

CHICAGO REGIONAL COUNCIL PENSION FUND et al.

By: s/Travis J. Ketterman
_____
TRAVIS J. KETTERMAN

Travis J. Ketterman
Attorney for Plaintiffs
McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
December 30, 2019

6